IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAKEMA WASHINGTON, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-3024-M-BK |
| | § | |
| THE DEPARTMENT OF FAMILY AND | § | |
| PROTECTIVE SERVICES, | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.   BACKGROUND**

On December 3, 2021, Jakema Washington filed a *pro se* complaint against the Department of Family and Protective Services. Doc. 3 at 1. She alleges Child Protective Services (CPS) removed her newborn daughter from the hospital on November 15, 2021, and took her into their custody "without probable cause" and "without following proper protocol." Doc. 3 at 2. According to Washington, CPS did not obtain a court order either before removing her daughter or within three days after her removal, violating her Fourth Amendment rights. Doc. 3 at 2. She claims that Judge Abendroth refused to approve the emergency removal of her daughter at a December 1, 2021 "Permenancy [sic] Hearing for her other children," but that

Judge Jean Lee approved the removal later that day. Doc. 3 at 2; *see also* Doc. 6 at 26, *Order for Protection of a Child in an Emergency and Notice of Hearing*, filed on Dec. 1, 2021 in *In re Za'Miyah Godfrey*, No. DF-21-19157 (302nd Jud. Dist. Ct., Dallas Cnty.).

Washington sues CPS for unlawfully removing her daughter and Judge Lee for denying Washington's petition to return her daughter. Doc. 3 at 2. Washington alleges that CPS caused her "emotional and mental distress" and that her daughter endured "pain and suffering" because of a skin rash. Doc. 3 at 2.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.[1]

## II.   ANALYSIS

### A. *Younger* Abstention

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court liberally construes Washington's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, the Court should abstain from exercising jurisdiction in this case.

---

[1] Because this case should be dismissed for want of jurisdiction, the Court does not reach the merits of Washington's motion to proceed *in forma pauperis*.

The *Younger* abstention doctrine prevents federal courts from "granting either injunctive or declaratory relief when state criminal actions or certain categories of state civil proceedings are pending against the federal plaintiff at the time that federal action is commenced." *DeSpain v. Johnston,* 731 F.2d 1171, 1175 (5th Cir. 1984) (citing *Younger v. Harris*, 401 U.S. 37 (1971), and companion cases). The doctrine "is based on considerations of equity, comity, and federalism." *Id.* at 1175-76 (citing *Younger,* 401 U.S. at 43-45). Federal courts should abstain from acting on and dismiss a federal complaint when (1) a state judicial proceeding is ongoing at the time that the plaintiff initiated the federal action, (2) the proceeding implicates important state interests, and (3) the proceeding affords an adequate opportunity to raise constitutional challenges. *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

As Washington alleges, CPS recently filed a petition to remove her daughter in Cause No. DF-21-18613. Doc. 6 at 2, *Orig. Pet. for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship*; Doc. 6 at 26, *Order for Protection of a Child in an Emergency and Notice of Hr'g*. That proceeding satisfies *Younger* abstention requirements. The CPS proceeding is ongoing and the state has an important interest in child welfare. *See DeSpain*, 731 F.2d at 1179 ("Child welfare has long been a recognized area of state concern [and] . . . the investigation of child abuse and neglect is 'in aid of and closely related to criminal statutes.'"). Moreover, Washington has full opportunity to raise her constitutional challenges, if any, in the state court proceeding. *See id.* (concluding that a constitutional challenge could be raised in state proceedings to remove a child and, thus, plaintiffs had an adequate opportunity to present the federal claims in state court). And she alleges only in conclusory fashion any constitutional violations. Doc. 3 at 2 (alleging that the CPS investigator and supervisor "didn't follow the Fourth Amendment"). *Cf. DeSpain*, 731 F.2d at 1180 ("A

federal court should not abstain when the state court proceeding is brought in bad faith or with the purpose of harassing the federal plaintiff."). Thus, the Court concludes that Washington has failed to show that any exception to the *Younger* abstention doctrine is warranted, and the Court should abstain from exercising jurisdiction in this case.

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### B. Claims on Behalf of Daughter

To the extent Washington may be attempting to assert a claim on behalf of her minor daughter, she may not. Doc. 3 at 2. As a *pro se* litigant, Washington cannot represent her minor daughter in this action and must retain a licensed attorney to prosecute her daughter's claims. *See Wade v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3:09-CV-0346-O, 2009 WL 2058446, at *2 (N.D. Tex. 2009) (right to proceed *pro se* in federal court does not give non-lawyer parent right to represent minor child in legal proceedings).[2]

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Washington in her complaint

---

[2] The statute of limitations does not bar any claim of the minor daughter. TEX. CIV. PRAC. & REM. CODE ANN. § 16.001 tolls the statute of limitations if the plaintiff is under 18 years of age. Consequently, in the event Plaintiff's minor daughter has colorable claims, the statute of limitations will not begin to run until she reaches her 18th birthday. *See Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 984 (5th Cir. 1992) (claim was tolled until plaintiff reached 18th birthday).

clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV.   CONCLUSION

For the foregoing reasons, Washington's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**SO RECOMMENDED** on December 13, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).